1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  KITTI RUTH PAYNE a/k/a KITTI RUTH
    POWER,

12                  Plaintiff,

13          v.

14

15

16  PUBLISHERS CLEARING HOUSE, INC.
    d/b/a PCH LOTTO a/k/a PUBLISHERS
17  CLEARING HOUSE a/k/a PCH a/k/a THE
    CLEARING HOUSE

18                  Defendants.
    _____/

19

**Case No.  1:15-cv-01453---SKO**

**ORDER THAT PLAINTIFF'S
COMPLAINT BE DISMISSED WITH 28
DAYS LEAVE TO AMEND**

**ORDER DENYING PLAINTIFF'S
MOTION FOR PERMISSION TO
UTILIZE ELECTRONIC FILING AND
SERVICE**

**ORDER STRIKING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

(Docs. Nos. 1, 3, 4)

20

21              **I.   INTRODUCTION**

22      On September 25, 2015, Plaintiff Kitti Ruth Payne ("Plaintiff"), proceeding pro se and *in*

23  *forma pauperis*, filed this action against Publishers Clearing House, Inc.  ("PCH").  (Doc. 1

24  ("Complaint").)  On September 29, 2015, Plaintiff filed a motion for summary judgment and a

25  motion seeking the Court's leave to use the electronic case management/filing system

26  ("CM/ECF").  (Docs. 3; 4.)

27      For the reasons set forth below, and the Court ORDERS that Plaintiff's Complaint be

28  DISMISSED without prejudice and with leave to amend, that Plaintiff's motion for permission to

1     utilize electronic filing and service" be DENIED, and that Plaintiff's motion for summary

2     judgment be STRICKEN from the docket.

3     **II.   PLAINTIFF'S COMPLAINT**

4     Plaintiff filed this action for damages against Defendant PCH, alleging claims for

5     negligence, "harm," and fraud.  (Compl., pp. 11-14.)  So far as can be discerned from the

6     Complaint, Plaintiff alleges that PCH is liable for Plaintiff's contact with an unnamed third party

7     that represented itself as PCH.  (Compl.)  Plaintiff states that she accessed the PCH website in

8     August of 2011, and played "PCH Lotto and Quickpics" on the website.  (Compl., p. 5.)  After

9     playing "online PCH Lotto," on the evening of October 26, 2011, Plaintiff received an email from

10    "office@mail.com," with subject line "You have won one million dollars."  (Compl., p. 5.)  An

11    unauthenticated copy of the email is attached to the Complaint, reproduced in full as follows:

12

13

> We are please [*sic*] to announce to you that your email address emerged along side [*sic*] 4 others as a category of two winner [*sic*] in this year [*sic*] Publishers Clearing House end of year online promo.  Consequently, You [*sic*] have won one million dollars and therefore been approved for a total pay out of one million dollars ($1,000,000.00USD) [*sic*]  The following particulars are attached to your lotto payment order:

14

15

> winning numbers : 1400 [*sic*]

16

> email, ticket number:ETN9091176 [*sic*]

17   

> Please contact the underlined claims officer with the Contact info below

18   

> AGENT: MRS. Margaret Crossan [*sic*]

19

> EMAIL: pch.lott.board@w.cn

20

> Winner you are to send the details below to process the immediate payment> [*sic*] of your prize

21   

> 1. Name in full: Kitti Ruth Payne

22

> 2. Address: 411 S Harrison Street  Stockton, CA 95203 [*sic*]

> 3. Sex:  Female

23   

> 4. Nationality: Caucasian – Anglo Saxon

24   

> 5. Age: 54

25

> 6: Present Country: USA

> !!!Once Again Congratulations!!! [*sic*]

26

> Yours Sincerely,

27   

> Mr.Dave [*sic*] Sayer

28

> ONLINE CO-ORDINATOR.

2

1   (Compl., Exh. 1.)  It is unclear whether this is the actual email sent to Plaintiff, as her personal

2   information was filled in within the body of the email.  (*See* Compl., Exh. 1.)

3           Plaintiff alleges she "really thought that [she] had won" because she had recently played

4   the "PCH Lotto," the email "made no mention . . . that [she] would have to purchase anything or

5   pay a fee, transfer fees, mailing [*sic*], or send money for anything," and she "had never received

6   any correspondence of this kind prior to the unique event of [ ] accessing and playing online PCH

7   Lotto and QuickPics."  (Compl., p. 5.)  Further, because Plaintiff has "not been a patron of any

8   other business' online Lotto at another website other than at PCH," she "play[ed] directly off of the

9   PCH Lotto and QuickPics" website, and "[m]onetary giveaway is also included as within the

10  course of doing PCH business also of their website business [*sic*]" she became convinced of the

11  email's authenticity.  (Compl., p. 6.)  "Because [she] really thought [she] had won," on November

12  4, 2011, she "submitted" a completed "version of required Timely Affidavit of Eligibility (and E-

13  signature)" to "office@mail.com."  (Compl., Exh. 2.)

14          Plaintiff had been "in Formal Financial Hardship status with the [Internal Revenue Service

15  ("IRS")] since the [y]ear of 2007," and therefore "was excited about the winnings described within

16  the 10/26/2011 You Have Won Publishers Clearing House Lotto notification."  (Compl., pp. 2; 6.)

17  Plaintiff contacted and disclosed to the IRS "the series of events pertaining to any possibility of

18  income," as required by "Reverse False Claims Section 3729(a)(1)(G)."  (Compl., p. 7.)  Plaintiff

19  has since contacted both PCH directly regarding the emailed notification, as well as the Attorney

20  Generals of the State of California, where Plaintiff resides, and New York State, where PCH is

21  based, and the Federal Trade Commission.  (Compl., pp. 7-8.)

22          PCH contacted Plaintiff by letter on December 30, 2013, and informed Plaintiff that an

23  internal investigation had determined the email notification "from office@mail.com did **not** come

24  from the real Publishers Clearing House.  The email is part of a **scam** operation which fraudulently

25  and illegally uses the Publishers Clearing House name."  (Compl., Exh. 4 (emphases in original).)

26  PCH provided contact information both PCH's internal fraud department and to the National Fraud

27  Center and directed Plaintiff to report any further fraudulent notifications she received.  (Compl.,

28  Exh. 4.)  Plaintiff alleges that this December 30, 2013, letter "contains PCH's written statement

3

1    that PCH did have previous knowledge and is aware of an ongoing fraudulent[ ] and[ ] illegal

2    activity using the Publishers Clearing House name[.]"  (Compl., p. 9.)

3           Plaintiff alleges that PCH is liable for payment of the winnings described in the notification

4    email sent to her from the "office@mail.com" email address on October 26, 2011.  Plaintiff alleges

5    claims of negligence, "ongoing negligence," "harm," "ongoing harm," fraud, and "ongoing fraud"

6    against PCH.  (Compl., pp. 10-13.)  Plaintiff demands the full sum of the winnings referenced in

7    the email notification and apparently plans to use this award to repay the money she owes to the

8    IRS.  Compl., pp. 8 (stating her "intention is towards secure means in which to make income tax

9    payment which may possibly be of a material amount"); 13 (requesting an allocation of one-

10   quarter of the total award be paid to "the Government" and any remainder be paid to Plaintiff

11   directly).)  Plaintiff also requests punitive damages be awarded against PCH in an amount not to

12   exceed $250,000.00, as well as two undefined awards as "Relatrix" "over-and-above such possible

13   total penalty amount" and "derived of possible monetary penalty resulting from any such possible

14   subsequent Court action(s) which may or may not be concurrent to this Civil Action[.]"  (Compl.,

15   pp. 13-14.)

16                **III.    PLAINTIFF'S REQUEST TO FILE ELECTRONICALLY**

17          Plaintiff seeks the Court's permission to file documents electronically through the

18   electronic case management/filing ("CM/ECF") system.  (Doc. 3.)  Pursuant to the Local Rules, a

19   pro se party shall file and serve paper documents as required by the Rules.  Local Rule 133(a).  A

20   party appearing pro se may request an exception to the paper filing requirement from the court by

21   filing a stipulation of the parties or by motion.  Local Rule 133(b)(2), (3).

22          Upon review of the pleadings in this action and the instant motion, the Court finds that this

23   action does not warrant an exception to the Local Rule.  *See Reddy v. Precyse Solutions LLC*, No.

24   1:12-CV-02061-AWI-SAB, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).  Accordingly,

25   Plaintiff's motion for permission to file through CM/ECF is denied.

26                       **IV.    MOTION FOR SUMMARY JUDGEMENT**

27          Plaintiff also asks the Court to grant summary judgment to "either further the interests of

28   judicial economy by reducing the time to be consumed in trial or significantly increase the ability

4

1    of the parties to resolve the case by settlement[.]" (Doc. 4.)  The motion consists of a single block

2    paragraph requesting relief, with no reference to any supporting facts or arguments. (Doc. 4.)  The

3    motion is procedurally deficient because no defendant has been served with either the complaint or

4    summons.  The Court lacks personal jurisdiction over a defendant until the defendant has been

5    served.  *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).

6          Plaintiff's motion for summary judgment is procedurally defective and shall be

7    STRICKEN from the docket.  Because Plaintiff is proceeding *in forma pauperis*, the complaint

8    will be screened pursuant to 28 U.S.C. § 1915(e)(2) before service is permitted.

9                                    **V.    ANALYSIS**

10   **A.    Screening Standard**

11         In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

12   each case, and must dismiss the case at any time if the Court determines that the allegation of

13   poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails

14   to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

15   who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it

16   lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

17   *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a

18   claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

19   contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a claim,

20   however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885

21   F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

22         A complaint must contain a "short and plain statement of the claim showing that the

23   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required,

24   but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

25   statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

26   Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may not simply allege a wrong has been

27   committed and demand relief.  The pleading standard "demands more than an unadorned, the-

28   defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual

1    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.*   (quoting

2    *Twombly*, 550 U.S. at 555, 570).   Further, while factual allegations are accepted as true, legal

3    conclusions are not.   *Id.*   (quoting *Twombly*, 550 U.S. at 555).

4             Pro se pleadings are liberally construed.   *See Haines v. Kerner*, 404 U.S. 519, 520-21

5    (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).   Unless it is clear

6    that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

7    pauperis is entitled to notice and an opportunity to amend before dismissal.   *See Noll v. Carlson*,

8    809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.   If the Court determines that the

9    complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies

10   of the complaint are capable of being cured by amendment.   *Lopez v. Smith*, 203 F.3d 1122, 1130

11   (9th Cir. 2000) (en banc).

12   **B.    Plaintiff's Complaint Fails to Allege a Plain and Concise Statement of the Elements of
13          Her Claim**

14           Under Fed. R. Civ. P. Rule 8, a plaintiff must "plead a short and plain statement of the

15   elements of his or her claim."   *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

16   "Each allegation must be simple, concise, and direct."   Fed. R. Civ. P. Rule 8(d)(1).   Dismissal is

17   appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy

18   and largely irrelevant."   *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996).   *See*

19   *also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming

20   dismissal of a "verbose, confusing and conclusory" complaint under Rule 8).   "Something labeled

21   a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as

22   to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a

23   complaint."   *McHenry*, 84 F.3d at 1180.   Further, in evaluating whether a complaint should be

24   dismissed under Rule 8, dismissal does not turn upon whether "the complaint is wholly without

25   merit."   *Id.* at 1179.

26           Plaintiff's Complaint fails to plead a short and plain statement of the elements of her claim

27   under Rule 8.   Plaintiff's Complaint is argumentative, prolix, and replete with redundant,

28   irrelevant details.   *See id.* at 1178-79.   Plaintiff is alleging she received a scam email from <u>some</u>

1  third party representing itself as an agent of PCH, she responded to this email with personal

2  identifying information, she erroneously believed that she had been contacted by PCH as a result

3  of this third-party contact, and she erroneously reported potential income to the IRS as a result of

4  this third-party contact.  (*See* Compl.)

5       However, even liberally construed, Plaintiff's Complaint does not contain "sufficient

6  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556

7  U.S. at 678  (quoting *Twombly*, 550 U.S. at 570).   Plaintiff fails to identify exactly how named

8  defendant <u>PCH</u> actually harmed her, in what manner and for what purpose <u>PCH</u> acted to harm her,

9  what wrong she is alleging occurred as a result of <u>PCH</u>'s acts or omissions, and what specific

10  harm she suffered <u>as a result</u> of that legal wrong.  (*See* Compl.)   The Court is also unable to

11  determine the nature or extent of Plaintiff's damages, aside from what appears to be a demand for

12  PCH to pay her the $1,000,000.00 in winnings stated in the third-party notification email.  (*See*

13  Compl., at pp. 13-14.)

14       Merely alleging a wrong has been committed and demanding relief is <u>not</u> enough to meet

15  the pleading standard set forth under Rule 8.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

16  U.S. at 555 (the complaint must contain "more than an unadorned, the-defendant-unlawfully-

17  harmed-me accusation")).   Accordingly, Plaintiff's Complaint is DISMISSED for failure to

18  comply with Rule 8 pleading standards.  *See McHenry*, 84 F.3d at 1177-80.

19  **C.      Leave to Amend Is Granted**

20       Plaintiff's Complaint must be dismissed for failure to recite a plain and concise statement

21  of allegations under Fed. R. Civ. P. Rule 8.  However, the Ninth Circuit has instructed that pro se

22  complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set

23  of facts in support of his claim which would entitle him to relief.'"  *Nordstrom v. Ryan*, 762 F.3d

24  903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  *See*

25  *also Noll*, 809 F.2d at 1448; *Franklin*, 745 F.2d at 1230 (unless it is clear that no amendment can

26  cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice

27  and an opportunity to amend before dismissal).

28  //

Plaintiff's complaint is DISMISSED without prejudice and with leave to amend. Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## VI.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSED with leave to amend;

2.      Plaintiff shall file an amended complaint within twenty-eight (28) days from the date of service of this order;

3.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim;

4.      Plaintiff's motion to use the Court's electronic case management/filing system (CM/ECF) is DENIED; and

5.      Plaintiff's motion for summary judgment is STRICKEN from the docket.

IT IS SO ORDERED.

Dated:    **October 13, 2015**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE