# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTI RUTH PAYNE a/k/a KITTI RUTH POWER,<br><br>               Plaintiff,<br><br>    v.<br><br>PUBLISHERS CLEARING HOUSE, INC. d/b/a PCH LOTTO a/k/a PUBLISHERS CLEARING HOUSE a/k/a PCH a/k/a THE CLEARING HOUSE,<br><br>               Defendants.<br>_____/ | Case No.  1:15-cv-01453-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**Objections Due: 28 Days**<br><br>(Doc. No. 6) |

### I. INTRODUCTION

On September 25, 2015, Plaintiff Kitti Ruth Payne ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Publishers Clearing House, Inc. ("PCH"). (Doc. 1 ("Complaint").) October 13, 2015, the undersigned dismissed Plaintiff's complaint with leave to amend, for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. Rule 8. (Doc. 5.) On October 26, 2015, Plaintiff filed an amended complaint. (Doc. 6 ("Am. Compl.")

For the reasons set forth below, and the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED with prejudice and without leave to amend.

## II.    PLAINTIFF'S COMPLAINT

Plaintiff filed this action for damages against Defendant PCH, alleging claims for negligence, "harm," and fraud. (Am. Compl., pp. 8-9.) Plaintiff amended her complaint to add references to a U.S. Senate investigative committee on "Deceptive Mailings and Sweepstakes Promotions" and a litany of other related laws, publications, and consent agreements with state attorney generals. (Am. Compl., pp. 3-4.) However, the specific facts alleged remain virtually identical to those alleged in the original complaint. (*Compare* Doc. 1 ("Compl.") with Am. Compl.)

Plaintiff alleges that PCH is liable for Plaintiff's contact with an unnamed third party that represented itself as PCH. (Am Compl., pp. 4-6.) Plaintiff states that she accessed the PCH website in August of 2011, and played "PCH Lotto and Quickpics" on the website. (Am. Compl., pp. 4-5.) After playing "online PCH Lotto," on the evening of October 26, 2011, Plaintiff received an email from "office@mail.com," with subject line "You have won one million dollars." (Am. Compl., pp. 4-5; Exh. 1.) An unauthenticated copy of the email is attached to the Amended Complaint, again reproduced in full as follows:

> We are please [*sic*] to announce to you that your email address emerged along side [*sic*] 4 others as a category of two winner [*sic*] in this year [*sic*] Publishers Clearing House end of year online promo. Consequently, You [*sic*] have won one million dollars and therefore been approved for a total pay out of one million dollars ($1,000,000.00USD) [*sic*] The following particulars are attached to your lotto payment order:
>
> winning numbers : 1400 [*sic*]
>
> email, ticket number:ETN9091176 [*sic*]
>
> Please contact the underlined claims officer with the Contact info below
>
> AGENT: MRS. Margaret Crossan [*sic*]
>
> EMAIL: pch.lott.board@w.cn
>
> Winner you are to send the details below to process the immediate payment> [*sic*] of your prize
>
> 1. Name in full: Kitti Ruth Payne
>
> 2. Address: 411 S Harrison Street  Stockton, CA 95203 [*sic*]
>
> 3. Sex:  Female
>
> 4. Nationality: Caucasian – Anglo Saxon
>
> 5. Age: 54

2

> 6: Present Country: USA
> !!!Once Again Congratulations!!! [*sic*]
> Yours Sincerely,
> Mr.Dave [*sic*] Sayer
> ONLINE CO-ORDINATOR.

(Am. Compl., Exh. 1.)  It is still unclear whether this is the actual email sent to Plaintiff, as her personal information had been entered into the body of the email.  (*See* Am. Compl., Exh. 1.)

Plaintiff alleges she "believed she had won" because of the "timing of events": she had recently played the "PCH Lotto" and her visiting the PCH website was a "unique event"; she had "never received any other correspondence of this kind" and had never visited any other online lotto website; and there was "no mention . . . as to any requirement to purchase anything or pay any transfer fees, mailing [*sic*], or send any money."  (Am. Compl., p. 5.)  Plaintiff attests the email was legitimate because it stated it came from PCH and included "names of valid PCH employees" and because Plaintiff "immediately notated personal information upon that original document so as to restrict is as from being a 'bearer' instrument[.]"  (Am. Compl., p. 4.)  Plaintiff responded to the email on November 4, 2011, when she "submit[ed] the filled-out version of the October 26, 2011 You Have Won Publishers Clearing House Lotto correspondence along with a version of requirement to also submit a 'Timely Affidavit of Eligibility and E-signature'" to "office@mail.com."  (Am. Compl., p. 5; Exh. 2.)

Plaintiff states that she has since become "aware of Defendant(s) forms of tactics of deceit [*sic*] by an online publishing made at the Federal Trade Commission [ ] website."  (Am. Compl., p. 5; *see also* pp. 6-7; Exh. 2.)  Plaintiff has since contacted both PCH directly regarding the emailed notification, as well as the Attorney Generals of the states of California, where Plaintiff resides, and New York, where PCH is based, and the Federal Trade Commission.  (Am. Compl., pp. 5-6.)

PCH contacted Plaintiff by letter on December 30, 2013, and informed Plaintiff that an internal investigation had determined the email notification "from office@mail.com did **not** come from the real Publishers Clearing House. The email is part of a **scam** operation which fraudulently and illegally uses the Publishers Clearing House name."  (Am. Compl., Exh. 4 (emphases in

3

original).)  PCH provided contact information for both PCH's internal fraud department and to the National Fraud Center and directed Plaintiff to report any further fraudulent notifications she received.  (Am. Compl., Exh. 4.)  Plaintiff alleges that this December 30, 2013, letter "is put forth as valid by PCH propopets [*sic*], yet it is incomplete of facts as to make claim of complete truth (as to be valid is to claim such truth in all possible circumstances).  [Therefore], Plaintiff was unable to form any resulting conclusion based upon the contents of Defendant(s)' [*sic*] 12/30/2013 PCH correspondence, as any such conclusion would be based upon incomplete information."  (Am. Compl., p. 6.)

Plaintiff alleges that PCH is liable for payment of the winnings described in the notification email sent to her from the "office@mail.com" email address on October 26, 2011.  (Am. Compl.) Plaintiff alleges claims of negligence, "continuing negligence," "harm," and fraud against PCH, based upon both failure to pay winnings and upon "economic duress [that] resulted from such estoppel made of Plaintiff pursuing desirable employment (OPM Form 450 Conflict-of-Interest)." (Am. Compl., pp. 8-9.)  Plaintiff demands the full sum of the winnings referenced in the email notification, punitive damages, as well as two undefined awards as "Relatrix" "over-and-above such amount" and "so construed as to do substantial justice."  (Am. Compl., p. 9.)

### III.   ANALYSIS

#### A.   Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885

4

F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Plaintiff's Complaint Fails to Allege a Plain and Concise Statement of the Elements of Her Claim**

Under Fed. R. Civ. P. Rule 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. Rule 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of a "verbose, confusing and conclusory" complaint under Rule 8). "Something labeled a complaint

but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.  Further, in evaluating whether a complaint should be dismissed under Rule 8, dismissal does not turn upon whether "the complaint is wholly without merit." *Id.* at 1179.

Despite having been instructed to amend her complaint to plead a short and plain statement of the elements of her claim under Rule 8, Plaintiff's Amended Complaint remains argumentative, prolix, and replete with redundant, irrelevant details. *See id.* at 1178-79.  Plaintiff repeats her allegations near verbatim, to establish that in the fall of 2011 she received a scam email from some third party representing itself as an agent of PCH, she responded to this email with personal identifying information, she erroneously believed that she had been contacted by PCH as a result of this third-party contact, and she erroneously reported potential income to the IRS as a result of this third-party contact.  (*Compare* Compl. with Am. Compl.)

Even liberally construed, Plaintiff's Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff again fails to identify exactly how named defendant PCH actually harmed her, how and why PCH acted to harm her, what wrong she is alleging occurred as a result of PCH's acts or omissions, and what specific harm she suffered as a result of that legal wrong.  (*See* Compl.)  The Court is also unable to determine the nature or extent of Plaintiff's damages, aside from what appears to be a demand for PCH to pay her the $1,000,000.00 in winnings stated in the third-party notification email and an unclear reference to alleged "economic duress" due to her inability to find "desirable employment" based on an undescribed "conflict of interest."  (*See* Am. Compl., at pp. 8-9.)

The only change between the original and amended pleadings is Plaintiff's emphasis on correspondence received from the New York Attorney General's office.  (Am. Compl., pp. 5-6 (stating that "NY Attorney General correspondence makes thanks to Plaintiff and determines [the information in her complaint] to be 'vital'" and "'trusts this information to be helpful' to the Plaintiff as such comment is expressly-addressed to the Plaintiff, and depicts that such information is retained on file[ ]").)  However, the attached copies of correspondence from the NY Attorney

General's Office indicate that <u>no findings of any fraud or illegality whatsoever</u> were made against PCH itself.  (Am. Compl., Exhs. 3; 5.)  It is unclear what harm Plaintiff thinks is being referenced or proven by these letters; all the correspondence indicates is that Plaintiff was contacted by a "scam" **third-party** – <u>not</u> that Plaintiff was harmed or that she was harmed by **PCH** itself.

Merely alleging a wrong has been committed and demanding relief is <u>not</u> enough to meet the pleading standard set forth under Rule 8.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation")).  Accordingly, Plaintiff's Complaint is DISMISSED for failure to comply with Rule 8 pleading standards.  *See McHenry*, 84 F.3d at 1177-80.

**C.      Amendment is Futile**

Plaintiff has demonstrated that she is unable to marshal facts sufficient to constitute a cognizable federal claim, and her Amended Complaint must be dismissed for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. Rule 8.  Plaintiff has been granted leave to amend, but her amendment shows that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the many defects of her complaint.  "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'"  *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 57 (2014) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996).

## VI.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 20, 2015**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE